

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 11, 1990

Honorable Steven D. Wolens
Chairman
Business and Commerce Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. JM-1257

Re: Whether a chamber of commerce is a "charitable organization" within the Charitable Immunity and Liability Act of 1987, Civil Practice and Remedies Code chapter 84 (RQ-2054)

Dear Representative Wolens:

You request advice about the Charitable Immunity and Liability Act of 1987, codified as chapter 84 of the Civil Practice and Remedies Code. You specifically inquire whether a chamber of commerce is a "charitable organization" as defined by that statute.

The Charitable Immunity and Liability Act of 1987 [hereinafter the act] was adopted to reduce the liability exposure and insurance costs of charitable organizations "in order to encourage volunteer services and maximize the resources devoted to delivering these services." Civ. Prac. & Rem. Code § 84.002(7).[1] With certain exceptions, a volunteer serving as an officer, director, or trustee of a charitable organization is granted immunity from civil liability for "any act or omission resulting in death, damage, or injury" done in the course and scope of his

---

1. The Supreme Court of Texas gave notice in Watkins v. Southcrest Baptist Church, 399 S.W.2d 530 (Tex. 1966), that the doctrine of charitable immunity would be reconsidered and might be abrogated. In Howle v. Camp Amon Carter, 470 S.W.2d 629 (Tex. 1971), the court held that this doctrine was completely abrogated as to causes of action arising from events occurring after the motion for rehearing in Watkins was overruled on March 9, 1966.

duties. Id. § 84.004(a); see id. §§ 84.004(c), 84.007 (exceptions). A similar immunity is granted to a person serving as a direct service volunteer of a charitable organization if he acts in good faith and in the course and scope of his duties or functions within the organization. Id. § 84.004(b). The liability of employees and of the organization itself is limited to money damages in a maximum amount set out in the statute. Id. §§ 84.005 - 84.006. These limitations on liability are available only to a charitable organization that carries liability insurance in the amounts required by the statute. Id. § 84.007(g).

The definition of "charitable organization" is given in section 84.003 of the act:

(1) 'Charitable organization' means:

(A) any organization exempt from federal income tax under Section 501(a) of the Internal Revenue Code of 1986 by being listed as an exempt organization in Section 501(c)(3) or 501(c)(4) of the code, if [enumeration of additional conditions that must be met];

(B) any bona fide charitable, religious, prevention of cruelty to children or animals, youth sports and youth recreational, or educational organization, excluding alumni associations and related on-campus organizations, or other organization organized and operated exclusively for the promotion of social welfare by being primarily engaged in promoting the common good and general welfare of the people in a community, and that:

(i) is organized and operated exclusively for one or more of the above purposes;

(ii) does not engage in activities which in themselves are not in furtherance of the purpose or purposes;

(iii) does not directly or indirectly participate or intervene in any political campaign on behalf of or in opposition to any candidate for public office;

(iv) dedicates its assets to achieving the stated purpose or purposes of the organization;

(v) does not allow any part of its net assets on dissolution of the organization to inure to the benefit of any group, shareholder, or individual; and

(vi) normally receives more than one-third of its support in any year from private or public gifts, grants, contributions, or membership fees; or

(C) a homeowners association as defined by Section 528(c) of the Internal Revenue Code of 1986.

Civ. Prac. & Rem. Côde § 84.003(1) (emphasis added, footnotes deleted).

A chamber of commerce is not a homeowners association within section 84.003(1)(C). Nor does it fit the definition of charitable organization within section 84.003(1)(A). Although a chamber of commerce does have an exemption from federal income tax, it is not exempt under section 501(c)(3) or 501(c)(4), but under section 501(c)(6) of the Internal Revenue Code, which designates the following entities as exempt organizations:

(6) Business leagues, chambers of commerce, real-estate boards, boards of trade, or professional football leagues . . . not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual.

I.R.C. § 501(c)(6) (emphasis added).

Section 84.003(1)(B) describes organizations that are organized and operated for one or more stated purposes. An organization must fit within this description and comply with the conditions set out in subsection (B)(i) through (B)(vi) to qualify as a "charitable organization" under this provision. Thus, as a threshold issue, we must identify the purpose of a chamber of commerce and determine whether it is one of the purposes described in subsection 84.003(1)(B).

The decision that a particular entity is a  "charitable
organization" within the act ordinarily involves the  inves-
tigation and resolution of  fact questions, which cannot  be
undertaken in  the opinion  process. See Attorney  General
Opinion JM-951 (1988) (whether a public broadcasting station
is a charitable organization within section 84.003(1)(B)  is
a question of fact).  However,  in the present case, we  may
rely on judicial and administrative determinations about the
purpose of a chamber of commerce in deciding whether it is a
charitable organization.

The federal  regulation  construing the  tax  exemption
granted by section  501(c)(6) of the  Internal Revenue  Code
describes the activities  of a chamber  of commerce as  "di-
rected to the improvement of  business conditions of one  or
more lines of business as distinguished from the performance
of particular services for  individual persons."  26  C.F.R.
§ 1.501(c)(6)-1 (regulation  defining "business  league"  by
analogy to chamber of  commerce).  A chamber  of  commerce
promotes  the  general  economic  welfare  within  a  geo-
graphically defined area. National Muffler Dealers Ass'n v.
United States, 565 F.2d 845 (2d Cir. 1977), aff'd, 440  U.S.
472 (1979) (discussing Treas. Reg. § 1.501(c)(6)-1).

Prior opinions of  this office and  at least one  Texas
court have  also considered  the purposes  of a  chamber  of
commerce. See Kordus v. City of Garland, 561 S.W.2d  260
(Tex. Civ. App. - Tyler  1978, writ ref'd n.r.e.);  Attorney
General  Opinions  JM-1199  (1990);  JM-516  (1986);  H-397
(1974); see also Attorney  General  Opinions  C-76  (1963);
WW-106 (1957)  (application of  franchise tax  exemption  to
chamber of commerce).  Most  of these decisions address  the
question of whether a municipal government may donate  money
to a  chamber of  commerce, but  their descriptions  of  the
purpose of  such  entities  are helpful  in  addressing  the
question before us.

Attorney General  Opinion  H-397  (1974)  held  that  a
county could not become a dues-paying member of a chamber of
commerce operated  by  a private  corporation.  The  county
attorney who requested the opinion advised that the purposes
of the Beeville and Bee County Chamber of Commerce  included
"promoting  industrial  development  in  the  county,  the
development of downtown Beeville,  and the promotion of  the
county-owned stadium." Id. at  1.  It also supported  other
measures beneficial to its commercial members. The  opinion
determined that the payment of  dues would be a donation  of
public funds to a private entity in violation of article XI,
section 3, of the Texas Constitution.  It was "an attempt to

secure for the community and its citizens by subscription general benefits resulting from encouragement of private industry and business."  Id. at 2.

Attorney General Opinion H-397 was cited in Kordus v. City of Garland, a suit by taxpayers of the city to recover money the city had donated to the Garland Chamber of Commerce and to enjoin future payments.  The court agreed with the opinion that the Texas Constitution prohibited donations and expenditures of this nature.  See also Attorney General Opinion JM-1199 (1990) (festivals held by chamber of commerce and similar organizations to promote local products and businesses).

The purpose of a chamber of commerce can be summarized as the promotion of the general economic welfare of an area through activities that advertise its products and industries and encourage private industry and business.  Our question is whether an organization with this purpose is included in the following definition of "charitable organization":

> (B) any bona fide charitable, religious, prevention of cruelty to children or animals, youth sports and youth recreational, or educational organization . . . <u>or other organization organized and operated exclusively for the promotion of social welfare by being primarily engaged in promoting the common good and general welfare of the people in a community</u>.

Civ. Prac. & Rem. Code § 84.003(1)(B) (emphasis added).

A chamber of commerce is not any of the special purpose entities listed at the beginning of the provision.  The remainder of the provision, underlined in the quotation, encompasses organizations that promote the social welfare by promoting "the common good and general welfare of the people in a community."  This statement of charitable purpose is so broad that it is difficult to apply in isolation from the rest of the statute.  However, it can be given further definition by reference to the legislature's statement of findings and purposes, which provides in part:

> (1) robust, active, bona fide, and well-supported charitable organizations are needed within Texas <u>to perform essential and needed services</u>;

> (2) the willingness of volunteers to offer their services to these organizations is deterred by the perception of personal liability arising out of the services rendered to these organizations;
>
> . . . .
>
> (5) these problems combine to diminish the services being provided to Texas and local communities because of higher costs and fewer programs;
>
> (6) the citizens of this state have an overriding interest in the continued and increased delivery of these services that must be balanced with other policy considerations.

Civ. Prac. & Rem. Code § 84.002 (emphasis added).

This statement of purpose indicates that the legislature was concerned about the delivery of needed services to citizens. In resolving the question before us, we will not attempt to determine the full range of activities that might be performed by organizations that are "organized and operated exclusively for the promotion of social welfare by . . . promoting the common good and general welfare of the people in a community." Nonetheless, we believe that the legislature had in mind an organization that provides services to individuals who are in need of them. It did not intend to include an entity that promotes the general economic welfare of an area in expectation of some benefit to some residents in the indefinite future, but does not provide tangible assistance to specific individuals in the present.[2] We conclude that the purposes of a chamber of

---

2.   Courts of other states have determined that a chamber of commerce was not a charitable institution within particular statutes. See Boston Chamber of Commerce v. Assessors of Boston, 54 N.E.2d 199 (Mass. 1944) (not a charitable institution within tax exemption); Chamber of Commerce of North Kansas City v. Unemployment Compensation Commission, 201 S.W.2d 771 (Mo. 1947) (not a charitable institution within exemption from unemployment compensation law).

commerce are not the purposes of "charitable organization" as defined by section 84.003(1)(B) of the Civil Practice and Remedies Code. The Charitable Immunity and Liability Act of 1987 does not apply to a chamber of commerce.

### S U M M A R Y

> The Charitable Immunity and Liability Act of 1987, codified as chapter 84 of the Civil Practice and Remedies Code, does not apply to a chamber of commerce.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan Garrison
Assistant Attorney General